UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

TYRONE HANLEY,
   a/k/a "Smokey,"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF FORFEITURE /
MONEY JUDGEMENT

S1 24 CR 617 (AKH)

      WHEREAS, on or about June 11, 2025, TYRONE HANLEY (the "Defendant"), was charged in an S1 Information, 24 CR 617 (AKH) (the "Information"), with narcotics distribution, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count One), and using and carrying firearms, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii) and 2;

      WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

      WHEREAS, on or about June 11, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 21, United States Code, Section 853, (i) $25,000 in United States currency,

representing any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Information;

WHEREAS, the Government seeks a money judgment in the amount of $25,000 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $25,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, 37th Floor, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Emily S.

Deininger, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, 26 Federal Plaza, 37th Floor, New York, New York 10007.

Dated: New York, New York
October __, 2025

SO ORDERED:

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE